UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-350S |
| | : | |
| 1st BANK OF PIKE | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-354S |
| | : | |
| SUNTRUST (SUN BANK) | : | |

**CONSOLIDATED REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During August 2009, Plaintiff Selethea Dorsey filed eleven (11) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant to 28 U.S.C. § 1915 have all been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of these proposed civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be

DISMISSED because they are "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although all of Plaintiff's handwritten Complaints are somewhat confusing and poorly organized, several raise related claims which should and will be addressed in a consolidated report and recommendation. The two cases addressed herein arise out of similar Complaints.

Plaintiff apparently arrived in Providence by Greyhound Bus on June 25, 2009. See Dorsey v. Greyhound Buses, C.A. No. 09-343S. In these two identical cases, Plaintiff sues two out-of-state banks alleging that they each refused to change her one million dollar bill and told her it was not real. In particular, Plaintiff sues (1) 1st Bank of Zebulon, Georgia; and (2) Suntrust (Sun Bank) of Miami Beach, Florida. Although the facts are complicated, both cases are premised on the banks' refusal to change a one million dollar bill. A photocopy of both sides of a crumpled one million dollar bill is attached to Plaintiff's Complaints. She demands "$20,000.00 plus change for 1 million bill, and a bank account and checking account" from Suntrust and "$20,000.00" and "change for 1 million dollar" bill from 1st Bank of Pike.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover

under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction. This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff's Complaints do not contain the required jurisdictional allegations and thus do not comply with Rule 8(a)(1).

In addition to this procedural deficiency, Plaintiff's claims are frivolous as a matter of law. While Plaintiff may in good faith believe that her one million dollar bill is authentic, it is not and thus Defendants would have no obligation to provide change to her for such bill. The United States

Government has never issued a real one-million dollar bill into the U.S. currency system. Presently, the largest denomination is the one hundred dollar bill but there have been some larger denominations issued historically. However, there has never been a real one million dollar bill. There are a few versions of fake one million dollar bills that have been produced by novelty companies or as a prank. They are not authentic and thus the Defendant banks would have no legal obligation to open an account or provide change when presented with such a bill. Thus, the premise of Plaintiff's claims in these two cases is mistaken and the Complaints do not state any valid legal claims.

Plaintiff's Complaints also fail to contain any allegations as to why this District is the proper venue or location to pursue these claims against banks located in Florida and Georgia. Even if these cases had any legal basis, venue would not be proper in this District. Under 28 U.S.C. §§ 1391(a) and (b), a civil case must generally be brought in the District where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the defendant is subject to personal jurisdiction if there is no District where the case can otherwise be brought. See Berube v. Brister, 140 F.R.D. 258, 261 (D.R.I. 1992) (plaintiff's residence by itself is not sufficient to confer venue if the case has no other relation to that District). Here, these two cases have no connection to Rhode Island other than Plaintiff's residence here at the time of filing.

**Conclusion**

For the reasons stated, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaints in these two cases be DISMISSED as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District

Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2009